IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
CASE NUMBER: 2:25-cv-01314-DCN

| | |
|---|---|
| Wills Logistics, LLC,<br><br>　　　　　　　　　　　　Plaintiff,<br>　　　v.<br><br>Palmetto Bulk, LLC, MAG Trucking, LLC, and Justin Gray,<br><br>　　　　　　　　　　　　Defendants. | **COMPLAINT**<br>**(Jury Trial Demanded)** |

Plaintiff Wills Logistics, LLC ("Plaintiff" or "Wills Logistics"), for its Complaint against Defendants Palmetto Bulk, LLC, MAG Trucking, LLC, Justin Gray and Reeves Construction Company (collectively, "Defendants"), states as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.	Plaintiff is a limited liability company organized under the laws of the state of Tennessee with its principal office located in Hendersonville, Tennessee. The members of Wills Logistics are citizens of Tennessee and Florida.

2.	Defendant Palmetto Bulk, LLC ("Palmetto Bulk") is a limited liability company organized under the laws of the state of South Carolina with its principal office located in Summerton, South Carolina. The members of Palmetto Bulk are citizens of South Carolina.

3.	Defendant MAG Trucking, LLC ("MAG Trucking") is a limited liability company organized under the laws of the state of South Carolina with its principal office located in Ridgeville, South Carolina. The members of MAG Trucking are citizens of South Carolina.

4.	Defendant Justin Gray ("Gray") is the principal and member/owner of Defendant Palmetto Bulk and is a citizen of Summerton, South Carolina.

5. Jurisdiction is proper with this Court because the amount in controversy exceeds seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interests and costs, and there is complete diversity of citizenship; therefore, this Court has jurisdiction to hear this matter under Title 28 U.S.C. § 1332(a)(1).

6. Venue is proper in this Division and this Court under Title 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this suit occurred in Clarendon County, State of South Carolina.

## FACTUAL ALLEGATIONS

7. In or about 2023, Reeves Construction Company ("Reeves") contracted to sell raw materials to Holcim (US) Inc. for its use in the production of cement products.

8. The Reeves-Holcim contract required that Reeves deliver the materials from its operation in Albany, Georgia to Holcim's operation in Holly Hill, SC.

9. In furtherance of the Reeves-Holcim contract, Reeves contracted with Defendants Gray, Palmetto Bulk and/or MAG Trucking to transport the materials from the Reeves operation in Albany, Georgia to Holcim's operation in Holly Hill, SC, a distance of approximately 338 miles one-way.

10. Defendants Gray, Palmetto Bulk and/or MAG Trucking then contracted with Plaintiff Wills Logistics to fulfill their transport obligations under their agreement with Reeves. Defendants agreed to pay Wills Logistics at a rate of not less than $65.00 per ton of material delivered at the Defendants' request.

11. Pursuant to the agreement, Defendants Gray, Palmetto Bulk and/or MAG Trucking issued multiple written Rate Confirmations to confirm its specific requests that Plaintiff transport and deliver specified quantities of material.

12.     Between August 2023 and January 2024, at the request of Defendants Gray, Palmetto Bulk and/or MAG Trucking, Plaintiff Wills Logistics arranged for and completed the transport and delivery of approximately 3000 tons of material from the Reeves operation in Albany, Georgia to Holcim's operation in Holly Hill, SC.

13.     Despite repeated demands for payment, Defendants Gray, Palmetto Bulk and MAG Trucking have failed and refused to pay Wills Logistics as agreed for the services provided.

14.     As of February 2024, Defendants Gray, Palmetto Bulk and MAG Trucking owe Plaintiff Wills Logistics in excess of **$170,000.00**, exclusive of interest, costs and attorney's fees, all of which have continued and will continue to accrue, relating to the services provided at the request of and for the benefit of Defendants.

15.     A statement of Defendants' account as of February 2024 is attached hereto as **Exhibit A**.

## FOR A FIRST CAUSE OF ACTION
### (Breach of Contract)

16.     Plaintiff hereby incorporates by reference as if fully set forth herein, the allegations contained in paragraphs 1 through 15 above.

17.     Plaintiff had a valid and enforceable agreement with Defendants Gray, Palmetto Bulk and MAG Trucking, whereby Plaintiff agreed to transport and deliver specified quantities of material at agreed upon rates, as requested from time to time by Defendants.

18.     Plaintiff has duly performed all promises and obligations required of it and has satisfied all conditions under the agreement.

19.     Defendants Gray, Palmetto Bulk and MAG Trucking have materially breached the agreement in several respects, including but not limited to its failure to pay all amounts when due thereunder.

20. As a direct, proximate and foreseeable result of the repeated and material breaches of the agreement as described above, Plaintiff has been damaged in an amount not presently subject to precise calculation, but which is not less than **$170,000.00**, together with interest, costs and attorney's fees that will continue to accrue.

## FOR A SECOND CAUSE OF ACTION
### (Alter Ego/Single Business Enterprise)

21. Plaintiff hereby incorporates by reference as if fully set forth herein, the allegations contained in paragraphs 1 through 20 above.

22. Defendant Gray, as the sole and/or controlling member of Defendants, Palmetto Bulk and MAG Trucking, exercised such domination and control over those entities that the entities lacked any separate will or existence, and he used this control so as to perpetrate a fraud or other unlawful and inequitable conduct to the detriment of Plaintiff and contrary to public policy.

23. Defendants Palmetto Bulk and MAG Trucking are sister business entities who sole and/or controlling member was or remains Defendant Gray.

24. As such, Defendant Gray acted as the "alter ego" of Defendants Palmetto Bulk and MAG Trucking, such that the corporate fiction of limited liability should be disregarded and Defendant Gray should be held jointly and severally liable for all amounts owed by Defendants Palmetto Bulk and MAG Trucking.

25. As such, Defendants Palmetto Bulk and MAG Trucking were at all times relevant amalgamated and a single business enterprise such that the actions, obligations, and liabilities of one apply to the others.

26. Injustice and fundamental unfairness would exist were the corporate form and legal distinctions between Defendants Palmetto Bulk and MAG Trucking were not set aside.

27. Were the corporate form and legal distinctions between Defendants Palmetto Bulk and MAG Trucking not set aside and were not each liable for the actions, omissions, and obligations of the other, the result would be to let them escape their obligations and liability through improper use of the corporate form.

## FOR A THIRD CAUSE OF ACTION
### (Unjust Enrichment)

28. Plaintiff Wills hereby incorporates by reference as if fully set forth herein, the allegations contained in paragraphs 1 through 21 above

29. Plaintiff Wills provided all of the Defendants with a benefit in the form of its transport and delivery of materials from Albany, Georgia to Holly Hill, South Carolina.

30. All the Defendants knew about and accepted the benefit conferred by Plaintiff.

31. It would be unjust for the Defendants to retain the benefits conferred by Plaintiff Wills without making payment to Plaintiff Wills.

32. The reasonable value of the benefit conferred by Plaintiff Wills is not less than **$170,000.00**, together with interest, costs and attorney's fees that will continue to accrue.

**WHEREFORE**, Plaintiff, Wills Logistics, LLC respectfully requests that judgment be entered, jointly and severally, in its favor and against Defendants Palmetto Bulk, LLC, MAG Trucking, LLC, and Justin Gray that Plaintiff be awarded damages of not less than **$170,000.00,** plus interest, late fees and other charges which have continued to accrue and will continue to accrue until the balance is paid in full; and all further relief to which Plaintiff may be entitled.

*Signature Page to Follow*

Respectfully submitted,

**MURPHY & GRANTLAND, P.A.**

*s/R.Cameron Stephenson*
Anthony W. Livoti
Fed Id #: 6952
awlivoti@murphygrantland.com
R. Cameron Stephenson
Fed Id#: 13877
cstephenson@murphygrantland.com
Murphy & Grantland, PA
4406-B Forest Drive
P.O. Box 6648
Columbia, SC 29260
(803) 782-4100

*Counsel for Wills Logistics, LLC*

OF COUNSEL:

Steven C. Coffaro
KEATING MUETHING & KLEKAMP PLL
One East Fourth Street

Suite 1400
Cincinnati, Ohio 45202
Phone: (513) 579-6489
Fax: (513) 579-6457
steve.coffaro@kmklaw.com